

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:20-CR-48** |
| | § | |
| | § | |
| **DASHMAN CROSSLEY** | § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S COMPETENCY**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Dashman Crossley, competent to proceed.

A.    Procedural Background and the Forensic Psychologist's Report

On July 6, 2020, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant (doc. #13). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist to determine whether, pursuant to 18

1

U.S.C. § 4241, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court received notification from the Federal Detention Center at SeaTac in Seattle, Washington, that a psychological evaluation had been completed pursuant to the Court's order. Ryan Nybo, Psy. D.., forensic psychologist, issued a report concluding that there is no evidence to indicate that the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings against him or substantially impair his ability to assist counsel in his defense.  *See Sealed Report* (doc. #29), at p. 10.  Given Mr. Crossley's history of a learning disorder, the psychologist did recommend that documents be read to him as well as the introduction of unfamiliar concepts at a level he can understand.  *Id*.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant and the attorney for the Government. On April 21, 2021, the Court conducted a competency hearing to address the findings set forth in the psychological report.   Given the opportunity, neither party objected to the examiner's conclusion that Mr. Crossley is competent or offered additional evidence on the issue of competency.

B.     Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychological examiner, the undersigned recommends that the District Court find the defendant, Dashman Crossley., competent to proceed pursuant to 18 U.S.C. § 4241.

C.     Objections

Objections must be:   (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).     A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).   The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.   *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 21st day of April, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE